UNITED STATES *v.* W. J. MULLIGAN & Co. (No. 4342)[1]

United States Court of Customs and Patent Appeals, November 3, 1941

*Charles D. Lawrence,* Acting Assistant Attorney General (*William J. Vitale* and *Richard F. Weeks,* special attorneys, of counsel), for the United States.
*Lawrence A. Harper* for appellee.

[1] C. A. D. 179.

[Oral argument October 9, 1941, by Mr. Weeks; submitted on brief by appellee]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges

GARRETT, Presiding Judge, delivered the opinion of the court:

This is an appeal by the Government from the judgment of the United States Customs Court, First Division, directing the refund of two-thirds of the duties assessed and collected by the Collector of Customs at the port of San Francisco, Calif., upon certain glass containers which were imported filled with alcoholic liqueurs or cordials.

The liquid content of the containers was assessed with duty under paragraph 802 of the Tariff Act of 1930, a paragraph embraced in schedule 8 of the act, the schedule relating to spirits, wines, and other beverages, and certain containers thereof. The assessment so made upon the liquid content is not in dispute.

The controversy relates solely to the assessment upon the containers which are described in the decision of the trial court as follows:

There is no sample, but these articles are described by Mr. Dimpfel, the examiner at the port of San Francisco, to be transparent glass containers of liquor in the form of penguins, chickens, pelicans, owls, elephants, and dogs, about $2\frac{1}{2}$ to 4 inches long, containing $\frac{5}{100}$ of a liter apiece, and that the 48 of them held about $^{59}\!/_{100}$ of a gallon.

The appraiser in making return to the collector described the articles as "unusual containers," in consequence of which the latter, making classification under paragraph 218 (f) of the Tariff Act of 1930, invoked section 504 of the act and assessed duty at the full rate of 60 per centum ad valorem provided in paragraph 218 (f), notwithstanding the provision of paragraph 810 (contained in schedule 8) of the act.

The section and paragraphs so named read:

SEC. 504. COVERINGS AND CONTAINERS.

If there shall be used for covering or holding imported merchandise, whether dutiable or free of duty, any unusual material, article, or form designed for use otherwise than in the bona fide transportation of such merchandise to the United States, additional duties shall be levied upon such material, article, or form at the rate or rates to which the same would be subjected if separately imported.

PAR. 218. * * * (f) Table and kitchen articles and utensils, and all articles of every description not specially provided for, composed wholly or in chief value of glass, blown or partly blown in the mold or otherwise, or colored, cut, engraved, etched, frosted, gilded, ground (except such grinding as is necessary for fitting stoppers or for purposes other than ornamentation), painted, printed in any manner, sand-blasted, silvered, stained, or decorated or ornamented in any manner, whether filled or unfilled, or whether their contents be dutiable or free, 60 per centum ad valorem.

PAR. 810. When any article provided for in this schedule is imported in bottles or jugs, duty shall be collected upon the bottles or jugs at one-third the rate provided on the bottles or jugs if imported empty or separately.

For reasons which will appear hereinafter, we also quote paragraph 217.

PAR. 217., Bottles, vials, jars, ampoules, and covered or uncovered demijohns, and carboys, any of the foregoing, wholly or in chief value of glass, filled or unfilled, not specially provided for, and whether their contents be dutiable or free (except such as contain merchandise subject to an ad valorem rate of duty, or to a rate of duty based in whole or in part upon the value thereof, which shall be dutiable at the rate applicable to their contents), shall be subject to duty as follows: * * * ; if holding less than one-fourth of one pint, 50 cents per gross: *Provided*, That the terms "bottles," "vials," "jars," "ampoules," "demijohns," and "carboys," as used herein, shall be restricted to such articles when suitable for use and of the character ordinarily employed for the holding or transportation of merchandise, * * * .

The protest of the importer embraced alternative claims, some of which need not be mentioned because they were abandoned.

In part the protest reads:

Merchandise assessed at 60% under par. 218 is properly dutiable at 16⅔¢ gross under par. 217; or at ⅓ of the rate assessed under provisions of paragraph 810.

As we construe the foregoing, it means that the importer in the protest claimed (1) that the merchandise should be classified under paragraph 217, *supra,* and that, after being so *classified* the *duty assessment* should have been (because of paragraph 810, *supra.*) one-third of the specific rate of duty named in that paragraph; or (2) that if the classification of the collector under paragraph 218 (f), *supra,* was proper, then the *duty assessment* (because of paragraph 810, *supra*) should have been at only 20 per centum ad valorem, or one-third of the rate named in that paragraph.

From a comparison of paragraph 218 (f), *supra,* and paragraph 217, *supra,* it will be seen that the latter specifies bottles, vials, jars, ampoules, demijohns, and carboys, wholly or in chief value of glass, by name, while the former refers to "articles of every description," wholly or in chief value of glass; that both paragraphs contain the phrases "filled or unfilled" and "whether their contents be dutiable or free," and that both have a not specially provided for provision.

In its decision (upon which the judgment appealed from is based) the trial court made no specific reference to either paragraph 217, *supra,* nor to section 504, *supra.* It quoted paragraph 218 (f), *supra,* as the paragraph under which the classification had been made, and immediately after its quotation said:

The plaintiffs [appellee before us] claim that they [the glass containers] are simply fancy bottles or jugs, and as such are entitled to entry at one-third of the rate they would have paid if imported separately under paragraph 810 of the liquor schedule * * *.

Paragraph 810, *supra,* was then quoted, and the court said:

No other claims were pressed.

After giving the description of the merchandise above quoted, the court continued:

They were undoubtedly the fancy bottles or jugs for this liquor. The fact that they were fancy and amusing or decorative on the table where such liquor was served would not, in our opinion, make them cease to be bottles.

By the language of paragraph 810 Congress intended all bottles containing liquor to come in at one-third of the ordinary rate. We think these articles are within the spirit of that provision and that their fancy character would not exclude them

It is clear from the judgment that the collector's *classification* under paragraph 218 (f) was not overruled. The judgment reads:

It is hereby ordered, adjudged, and decreed that the collector of customs at the port of San Francisco shall refund to the importers two-thirds of the duty taken on fancy glass containers of liquor.

The duty taken by the collector was taken upon the basis of classification under 218 (f), *supra,* the rate applied being the rate which would have been applied had the containers been imported unfilled, and the collector obviously did not regard paragraph 810, *supra,* applicable.

It seems to us that the only inference to be drawn from the trial court's decision is that, notwithstanding its statement that the articles "were undoubtedly the fancy bottles or jugs for this liquor," it did not regard them as being of the character covered by paragraph 217, *supra,* but accepted as correct the collector's basic classification of them under paragraph 218 (f), *supra,* and, believing paragraph 810, *supra,* to be applicable to the articles at bar, even though classifiable under paragraph 218 (f), *supra,* rendered the judgment which had the effect of reducing the duty assessment by two-thirds.

It is fairly inferable that the importer did not press the claim under paragraph 217, *supra* (although it was stated as one of its claims at the beginning of the taking of the testimony, which was taken before a single judge who did not participate in the decision), and that the court did not feel called upon to consider it.

Whatever may have been the situation below, the question of the applicability of paragraph 217, *supra,* is not before us for adjudication. Even if we should be of the opinion that it is applicable and should sustain importer's claim respecting the applicability of paragraph 810, *supra,* we could not render a judgment giving importer the benefit of the rate in paragraph 217, *supra,* because such judgment would be more favorable to it than that which was rendered below, and importer did not cross-appeal. Importer, in effect, concedes this in its brief before us (it was not represented in the oral argument) but nevertheless insists that the articles are bottles and that paragraph 810, *supra,* is applicable even though they be regarded as unusual containers within section 504, *supra.*

The brief on behalf of the Government states that the questions presented before us are:

(1) (a) Whether the glass containers of the liqueurs and cordials are unusual containers within the meaning of Section 504, *supra,* and properly dutiable at 60

per centum ad valorem, under paragraph 218 (f), *supra*, as assessed by the Collector; or (b) dutiable at one-third of the rate assessed by the Collector, by virtue of the provisions of paragraph 810, *supra*, as held by the court below.

(2) Whether paragraph 810 of the Tariff Act of 1930 precludes the applicability of Section 504 of said Act in a case where an unusual container of liqueurs or cordials is involved.

It then summarizes its argument as follows:

1. The containers of the liqueurs and cordials are not bottles but are "unusual containers" within the meaning of Section 504 of the Tariff Act of 1930;

2. The provisions of paragraph 810 of said Act do not preclude the applicability of said Section 504;

3. The evidence is insufficient to overcome the presumptively correct classification of the Collector.

While the Government's brief does not expressly so state, the logic of a portion of its argument would seem to be that paragraph 810, *supra*, is applicable only to such glass articles as are classifiable under paragraph 217, *supra*, they being limited to such as are "suitable for use and of the character ordinarily employed for the holding or transportation of merchandise, * * *."

If this position be sound, then, in view of the only classification before us (under paragraph 218 (f), *supra*), the judgment of the trial court should be reversed without reference to whether the articles are unusual containers. It is not to be supposed that it was intended that any articles classifiable *per se* under paragraph 218 (f), *supra*, should also be classifiable under paragraph 217, *supra*, and if paragraph 810, *supra*, be limited, so far as glass articles are concerned, to those provided for in paragraph 217, *supra*, it would, of course, be inapplicable to any glass articles falling under any other paragraph of the act.

This question is one of interest and importance, but under the view which we feel constrained to take of other phases of the case, it is unnecessary to pass upon it, and we are loath to do so in the absence of fuller briefs and argument concerning it.

We come next to the question of whether the articles before us are unusual containers. As has been stated, it appears to be the position of appellee that even though they be unusual containers within section 504, *supra*, they nevertheless are subject to the provisions of paragraph 810, *supra*.

With this contention we are unable to agree.

Section 504, *supra*, of the Tariff Act of 1930 appears as one of the administrative provisions of the act, and it seems to us that by its terms it modifies all schedules and paragraphs embraced in the various titles relating to classification and rates of duty. It does not affect the question of classification *per se*, but does affect the rate based upon such classification. If the articles here involved had been imported unfilled, we must assume for the purposes of this case that they would have been classifiable under paragraph 218 (f), *supra*, and it seems to

us that if they were unusual containers for the merchandise with which they were filled, paragraph 810, *supra*, may not properly be invoked.

It would not be reasonable to hold that the Congress intended to give *unusual* containers of the merchandise covered by the respective paragraphs in schedule 8, a rate status different from that given *unusual* containers of other kinds of merchandise.

We must, therefore, consider whether the articles are unusual. This is a question of fact, and in the final analysis the query must be whether the evidence presented by the importer was sufficient *prima facie* to overcome the presumption of correctness which attached to the collector's finding in that regard.

The quotation earlier made from the decision of the trial court epitomizes all the pertinent evidence contained in the record respecting the character of the articles. It indicates that in "form" (one of the terms used in section 504, *supra*), the articles are, to say the least, unique. Of course, they might be unique without being unusual, but we are unable to escape the conclusion that the importer here failed to prove the elements essential to negativing the collector's finding that they are unusual containers in a tariff sense.

In the case of *United States* v. *Charles H. Demarest, Inc.*, 19 C. C. P. A. (Customs) 186, T. D. 45293, we quoted with approval from our decision in the case of *United States* v. *Hohner et al.*, 4 Ct. Cust. Appls. 122, T. D. 33393, the following:

> But if it appears that they are unusual and designed for some substantial, material, or valuable use other than that of holding or containing the merchandise while being therein transported, they are then subject to the additional duty. The transportation referred to in the section may include placing the same in the hands of the retailer, or in some cases in the hands of the consumer, and an incidental use of the covering or container, if one exists, may be enjoyed by the retailer in selling the particular merchandise so transported. The value of the alleged unusual container or covering, as compared with that of its contents, may be important in determining whether it is or is not separately dutiable. If it appears that after its use as a holder or container of the merchandise imported therein it becomes a subject of trade and commerce here, or if it is generally devoted to other uses, its adaptability to which are an important inducement to the consumer to purchase the same with its contents, or if it is sold with its contents and materially enhances the value thereof to the consumer, any such facts may warrant its separate duty assessment under the section. * * *

The record in this case does not contain any evidence with respect to factors and elements stated in the foregoing as pertinent to the question of what are unusual containers in the sense of the statute.

We feel constrained, therefore, to hold (1) that the importer failed to overcome the presumptively correct finding of the collector that the articles are unusual containers, and (2) that, since they are presumptively unusual containers, paragraph 810, *supra*, is not applicable.

For the reasons stated, the judgment appealed from is *reversed*.